IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00976-BNB

CORINTHIAN PRENTISS,

Applicant,

v.

WARDEN ANGEL MEDINA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 1 0 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Corinthian Prentiss, is a prisoner in the custody of the Colorado Department of Corrections who currently is confined at the correctional facility at Limon, Colorado. Mr. Prentiss filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court will construe the habeas corpus application liberally because Mr. Prentiss is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Prentiss will be ordered to file an amended application.

Mr. Prentiss alleges that he was convicted in Arapahoe County District Court in Case No. 01CR1399 on charges of sexual assault on a child and aggravated incest and that he was sentenced to twenty-four years to life imprisonment. He also alleges that

his conviction and sentence were affirmed on direct appeal and in a postconviction proceeding. However, he fails to assert on pages five and six of the application a statement of the claims he intends to raise in this Court.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Prentiss go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Prentiss must allege **on the Court-approved form** both the claims he seeks to raise and the specific facts to support each asserted claim.

The Court is not responsible for reviewing any attached documents submitted by Mr. Prentiss to determine what claims and specific facts he intends to raise in the instant action. Therefore, Mr. Prentiss will be ordered to file an amended application in which he identifies, **on the Court-approved form**, all of the specific claims for relief that he is asserting and states specific facts in support of each asserted claim. Accordingly, it is

ORDERED that Applicant, Corinthian Prentiss, file **within thirty days from the date of this order** an amended application that complies with the order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Prentiss, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Prentiss fails within the time allowed to file an amended application, as directed above, the application will be denied and the action dismissed without further notice.

DATED June 10, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00976-BNB

Corinthian Prentiss
Prisoner No. 118017
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/10/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk