IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00976-BNB

CORINTHIAN PRENTISS,

    Applicant,

v.

WARDEN ANGEL MEDINA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 14 2010

GREGORY C. LANGHAM
                CLERK

## ORDER TO DRAW IN PART AND TO DISMISS IN PART

Applicant, Corinthian Prentiss, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Limon Correctional Facility. Mr. Prentiss has filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He challenges the validity of his conviction and sentence in Case No. 01CR1399 in the Arapahoe County District Court.

In an order filed on July 6, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On July 28, 2010, Respondents submitted a pre-answer response after receiving a one-day extension of time. Mr. Prentiss was given an opportunity to file a reply on or before August 30, 2010, but he did not do so.

The Court must construe liberally the Application filed by Mr. Prentiss because

he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

## I. Background and State Court Proceedings

In February 2003, Mr. Prentiss was convicted by a jury of sexual assault on a child–at risk juvenile, sexual assault on a child by one in a position of trust–at risk juvenile, and aggravated incest. Pre-Answer Resp. Ex. A at 1-2. He was sentenced to an indeterminate sentence of twenty-four years to life for each conviction. *Id.* at 2. The Colorado Court of Appeals affirmed Mr. Prentiss' convictions on direct appeal. See *People v. Prentiss*, 172 P.3d 917 (Colo. App. 2006), Pre-Answer Resp. Ex. D. The Colorado Supreme Court denied his petition for certiorari review on September 10, 2007. Pre-Answer Resp. Ex. H.

On January 7, 2008, Mr. Prentiss filed a motion for reconsideration of sentence in the trial court, which was denied on January 15, 2008. Pre-Answer Resp. Ex. K at 2. Mr. Prentiss did not appeal that decision. He then filed a motion for postconviction relief pursuant to Colo. Crim. P. Rule 35(c) on August 21, 2008. *Id.* The trial court denied the motion on October 17, 2008. *Id.* On appeal, the Colorado Court of Appeals affirmed the trial court's decision. Pre-Answer Resp. Ex. L. The Colorado Supreme Court denied certiorari review on April 5, 2010. *Id.* Ex. N.

Mr. Prentiss initiated this action on April 29, 2010. He asserts three claims for relief in his Amended Application, filed on July 2, 2010. Mr. Prentiss first claims that the trial court violated his Sixth Amendment confrontation rights by preventing him from cross examining the victim about her prior sexual history. Mr. Prentiss asserts in his second claim that the prosecutor undermined the fundamental fairness of his trial by arguing in closing that there was no evidence that the victim's hymen injury was caused by anyone other than Mr. Prentiss, after Mr. Prentiss had been prevented from questioning the victim about this point. Applicant asserts in claim three that the verdict and sentence were entered *coram non judice* because the county court judge acted outside the time frame for which he had been authorized to preside in district court proceedings.

Respondents concede that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). Pre-Answer Resp. at 10. Respondents further concede that Mr. Prentiss exhausted state remedies for his first claim. *Id.* at 13. Respondents argue, however, that Mr. Prentiss failed to exhaust state remedies for his second claim. *Id.* Respondents also contend that Applicant's third claim presents an issue of state law that is not reviewable in a federal habeas corpus proceeding. *Id.* at 9.

**I. Issue of State Law**

Mr. Prentiss asserts in his third claim that the verdict and sentence were entered *coram non judice* because the county court judge who tried his case acted outside the time frame for which he had been authorized to preside in district court proceedings.

Application at 6.

A federal habeas court is limited to deciding whether a conviction "violat[ed] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") Absent rare circumstances rising to the level of a due process violation, a state court's determination of jurisdiction under state law is binding on the federal habeas court. *See Lambert v. Workman*, 594 F.3d 1260, 1263 (10th Cir. 2010).

Mr. Prentiss does not allege that the county court judge's exercise of authority in his criminal proceeding violated his federal due process rights, nor did he raise a federal claim in the state courts. Instead, he argued to the Colorado Court of Appeals that the judge lacked authority under state law to enter the convictions and sentences. Pre-Answer Resp. Ex. A, 21-29. Moreover, the state appellate court resolved Applicant's claim on state law grounds and did not infer a federal constitutional issue. *See Prentiss*, 172 P.3d at 927. Accordingly, the Court finds that claim three presents solely an issue of state law that is not subject to federal habeas review. Claim three will be dismissed.

## II. Exhaustion of State Remedies and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondents argue that Mr. Prentiss failed to exhaust state remedies for his second claim because he did not raise the claim in his petition for certiorari review to the Colorado Supreme Court. Pre-Answer Resp. at 13, 15-16.

The Court does not agree that Mr. Prentiss's failure to present claim two in his petition for certiorari review renders that claim unexhausted for purposes of federal habeas review. In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court

is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

Mr. Prentiss presented the substance of his second claim to the Colorado Court of Appeals as a federal constitutional claim. Pre-Answer Resp. Ex. A at 19-22. The Court finds that claim two has been exhausted and is now ripe for federal habeas review. Accordingly, it is

ORDERED that Claim Three is dismissed for the reasons stated in this Order.

It is

FURTHER ORDERED that Claims One and Two shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __13th__ day of __September__, 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00976-BNB

Corinthian Prentiss
Prisoner No. 118017
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

Matthew S. Holman
First Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/14/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk